**UNITED STATES BANKRUPTCY COURT**
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, Fourth Floor
St. Louis, MO 63102

**In re:**  Case No.: 13–44127 – A399
Venita Davidson  Chapter: 13
**Debtor(s)**

**ORDER DISCHARGING DEBTOR(S)**
**AFTER COMPLETION OF CHAPTER 13 PLAN**

The court finds that the debtor(s) filed a petition under title 11, United States Code, on May 1, 2013; that the debtor(s)' plan has been confirmed; and that the debtor(s) has/have fulfilled all requirements under the plan and the applicable provisions of 11 U.S.C. Section 1328.

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor(s) is/are discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

    (a) provided for under 11 U.S.C. Section 1322(b)(5)and on which the last payment is due after the date on which the final payment under the plan was due;

    (b) in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. Section 523(a)(5);

    (c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

    (d) for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. Section 523(a)(9), in a case commenced on or after November 15, 1990;

    (e) for restitution, or a criminal fine, included in a sentence on debtor's conviction of a crime; or

    (f) for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual.

2. Pursuant to 11 U.S.C. Section 1328(d), a debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, a debtor is not discharged from any debt made non–dischargeable by 18 U.S.C. Section 3613(f), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.

4. The holder of any claim for unpaid pre−petition child support is entitled to have the Trustee provide such creditor with notice of the creditor's right to use the services of the state child support enforcement agency and supply such creditor with the address and telephone number of the state child support enforcement agency and an explanation of the creditor's rights to payment in the bankruptcy case. Any creditor may request such notice and information by writing the Trustee. Such creditor is further entitled to have the Trustee provide the creditor with (i) notice of the granting of the discharge, (ii) any last known address of the debtor, (iii) the debtor's most recent employer, and (iv) information concerning other claims on which the debtor may be liable following the discharge. Failure to request such information from the Trustee shall be a waiver of the right to receive such notice from the Trustee.

5. All creditors are prohibited from attempting to collect any debt that has been discharged in this case. This discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

BY THE COURT

*Barry S Schermer*

**U. S. Bankruptcy Judge**

**Dated:** 1/14/19
**St. Louis, Missouri**
**Rev. 12/18 3180W**